UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
<u>CENTRAL DIVISION at LEXINGTON</u>

CIVIL ACTION NO. 06-263-KSF

CORY SMITH                                                                                                          PLAINTIFF

VS.                                    **<u>OPINION AND ORDER</u>**

KENTUCKY HIGH SCHOOL
ATHLETIC ASSOCIATION, ET AL.                                         DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the issue of federal question jurisdiction raised *sua sponte* by the Court. The parties filed memoranda in support of remand and in support of jurisdiction. The matter has been fully briefed and is ripe for review.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Smith filed a Petition for Review of Final Order and Injunctive Relief in Fayette Circuit Court alleging that the Kentucky High School Athletic Association and others arbitrarily and capriciously denied him a waiver of the Transfer Rule "which prohibits a student athlete from participating in athletics at a new school if the transfer is not accompanied with a bona fide change in residence prior to enrollment at the new school." (Complaint ¶¶ 14, 21, 24, 26). As the source of his claim, Smith pleads a "violation of Section 2 of the Kentucky Constitution and sound public policy," (¶ 21) "Section 11 and other applicable sections of the Kentucky Constitution," and "Plaintiff's state and federal constitutional protections against such actions by the Defendants" (¶ 27).

Defendants filed a Notice of Removal [DE #1] claiming this Court "has original jurisdiction of this action under the provisions of 28 U.S.C. §1331 (federal question jurisdiction), and this action may be removed from the Fayette Circuit Court pursuant to the provisions of 28 U.S.C. §1441,

because this is a civil action of which the district courts have original jurisdiction founded on claim or right arising under the Constitution, treaties or laws of the United States" (p. 2).  The Court, on its own motion, ordered the parties to file contemporaneous briefs on the issue of federal question jurisdiction [DE #3].  Defendants filed a Memorandum in Support of This Court's Jurisdiction [DE #4] relying upon Plaintiff's reference to "federal constitutional protections" in Paragraph 27 of the Petition.  Plaintiff filed a Memorandum in Support of Remand [DE #5] stating his cause of action was based on "state law only" and that the reference to the federal constitution was only "in passing."  Plaintiff argued that the removal statute is to be narrowly construed since it implicates federalism concerns, and that his right to relief did "not involve a substantial question of federal law" (Plaintiff's Memorandum, p. 2).

## II.  ANALYSIS

In *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544 (6th Cir. 2006), the court said:

> The provisions of section 1441(b) require a defendant to demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal jurisdiction.  The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction.

*Id.* at 549 (internal citations omitted).  "Furthermore, because they implicate federalism concerns, removal statutes are to be narrowly construed."  *Long v. Bando Mfg. Of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  The well-pleaded complaint rule used by federal courts requires "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Eastman*, 438 F.3d at 550 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Defendants argue that this court would have original jurisdiction over this civil action based solely upon Plaintiff's reference in Paragraph 27 of the Petition to his "state and federal constitutional protections" [DE #4, p. 2].  According to Defendants, this reference states "a claim arising under the federal constitution."  *Id.*  The Supreme Court recently said, however:  "In sum, *Grable* [*& Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363,

162 L.Ed.2d 257 (2005)] emphasized that it takes more than a federal element 'to open the "arising under" door.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S.Ct. 2121, 2137 (2006). *Empire* involved an action filed in federal court by a federal employee health care administrator against a federal employee plan beneficiary who had recovered damages against a third party in a state-court tort action. Even though the action involved the right to recover medical costs under a federal contract involving a federal employee and all costs and payments went to the Federal Government, the court held there was no federal question jurisdiction.

While the *Grable* court reiterated that there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties," the court said it has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." 125 S.Ct. at 2368, (quoting *Christianson v. Colt Industries Operating Corp*, 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (Stevens, J., concurring)).

In *Long*, the Sixth Circuit addressed a similar case involving a state court wrongful termination suit that alleged due process violations under the United States and Kentucky Constitutions, reverse discrimination under Title VII, and wrongful discharge in violation of public policies embodied in four federal criminal statutes. The district court held that it had federal question jurisdiction, granted summary judgment against Long on the due process claims and then remanded the action after Long voluntarily dismissed his Title VII claims. *Id.* at 757-758. On appeal, the Sixth Circuit considered the jurisdictional issue *sua sponte* and affirmed the remand order on the ground that the district court never had "arising under" jurisdiction. It considered the analysis in *Christianson v. Colt Industries Operating Corp*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) regarding whether "a state-law claim 'necessarily depends' upon a 'substantial question of federal law'" and said:

> Thus, *Christianson* suggests that there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question.

3

*Id.* at 760. Because Long's complaint both raised state and federal policies regarding his wrongful discharge, the court held that "the resolution of a federal question is not *necessary* or *essential* to the resolution of Long's wrongful discharge claim" and, thus, the district court lacked federal question jurisdiction. *Id.*

In the present case, Smith's claim that the Kentucky High School Athletic Association and others acted arbitrarily in refusing to waive the Transfer Rule certainly should be decided under state law and does not "necessarily" require resolution of "a substantial question of federal law." *Eastman*, 438 F.3d at 550; *Long*, 201 F.3d at 760. In his Petition, Smith specifically relied upon two sections of the Kentucky Constitution and referenced the federal constitution only in passing.

The burden was on the Defendants to show that this Court would have original jurisdiction. The face of Smith's Petition does not show any substantial federal question that is necessary or essential to resolution of his claim. It is the Opinion of this Court that it lacks subject matter jurisdiction, and the case should be remanded to the Fayette Circuit Court.

### III.     CONCLUSION

The Court, being otherwise fully and sufficient advised, **HEREBY ORDERS**:

a.  This matter is hereby REMANDED to the Fayette Circuit Court for further proceedings.

b.  Plaintiff's Motion to hold Defendant's Motion to Dismiss in Abeyance [DE # 9] is DENIED AS MOOT.

c.  This matter shall be STRICKEN from the active docket.

This January 22, 2007.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**